IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALISHA DEXTER and LEMORRIS
DEXTER,

       Plaintiffs,

    v.

THE CITY OF SYRACUSE, *et al.*,

       Defendants.

Civil Action No.
5:14-CV-0363 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ALISHA DEXTER, *Pro Se*
LEMORRIS M. DEXTER II, *Pro Se*
P.O. Box 197
Syracuse, NY 13207

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiffs Lemorris M. Dexter II and Alisha Dexter have commenced this action against the City of Syracuse, the Syracuse Police Department, and five named individuals, pursuant to 42 U.S.C. § 1983,

alleging deprivations of their civil rights, and request leave to proceed in the action *in forma pauperis* ("IFP"). For the reasons set forth below, plaintiffs' motion to proceed IFP is granted. I recommend, however, that their section 1983 claims be dismissed as asserted against some of the named defendants.

I.   BACKGROUND

Plaintiffs commenced this action on April 2, 2014, with the filing of a complaint and an application to proceed IFP.[1] Dkt. Nos. 1, 2. In their complaint, plaintiffs allege that, on January 4, 2012, while at their residence, located in Syracuse, New York, they observed two unidentified individuals allegedly trespassing on their property. Dkt. No. 1 at 2. After calling 911 to summon the police, defendants A. Mahar and M. Vella, two City of Syracuse police officers, arrived at plaintiffs' residence. *Id.* According to plaintiffs, defendants Mahar and Vella "made no attempt to investigate" their complaint about trespassers, "and instead became hostile toward[s]" them. *Id.* When plaintiff Lemorris Dexter began to explain the basis for their 911 call, defendants Mahar and Vella ignored

---

[1] The action was commenced with the filing of a pleading formatted as a "claim" and identifying the plaintiffs as "claimants" and defendants as "respondents." Dkt. No. 1 at 1. In deference to their *pro se* status, the court has construed the pleading as a complaint. I note also that the complaint is signed by an attorney, John A Longretta, Esq. *Id.* at 3. Attorney Longretta has advised the court, however, that he does not represent the plaintiffs in this matter. Docket Entry Dated Apr. 4, 2014.

2

him and "began using vulgar language and profanity."  *Id.*  Thereafter, and without cause, defendants Mahar and Vella allegedly used unnecessary and excessive physical force to arrest both plaintiffs.  *Id.*  The complaint alleges that plaintiff Alisha Dexter sustained cuts and abrasions to her head and face, as well as mental trauma, as a result of the use of force by defendants Mahar and Vella.  *Id.* at 2, 3.  In addition, it is alleged that plaintiff Lemorris Dexter suffered abrasions to his wrists, hands, and back of his arms during the incident.  *Id.* at 3.

Based on the foregoing allegations, plaintiffs' complaint asserts claims arising under section 1983 for violation of their Fourth and Eighth Amendment rights against the following defendants: (1) the City of Syracuse, (2) City of Syracuse Mayor Stephanie Miner, (3) the Syracuse Police Department ("SPD"), (3) SPD Chief of Police Frank Fowler, (4) SPD Officer Mahar, (5) SPD Officer Vella, and (5) SPD Officer John Doe.  *See generally* Dkt. No. 1.

II.　DISCUSSION

　A.　Plaintiffs' Application to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to

proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that plaintiffs meet the requirements for IFP status, their application for leave to proceed IFP is granted.[3]

    B.    Sufficiency of Plaintiffs' Complaint

        1.    Governing Legal Standard

Because I have found that plaintiffs satisfy the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in their complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[2]     The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]     Plaintiffs are reminded that, although their IFP application has been granted, they will nonetheless be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

Plaintiffs' complaint asserts claims "sounding in negligence, excessive force, false arrest and violation of the [plaintiffs'] Civil Rights[.]" Dkt. No. 1 at 2. Liberally construed, plaintiff contends that his rights under the Fourth and Eighth Amendment were violated pursuant to section 1983.

As a general matter, section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. §

1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

In this case, a careful review of plaintiffs' complaint reveals that some of their section 1983 claims lack palpable merit.

i. <u>Plaintiffs' Negligence Claim</u>

Plaintiffs assert a negligence claim against the defendants. Dkt. No. 1 at 2. To the extent they assert that claim pursuant to section 1983, negligence is not actionable under that provision. *See, e.g., Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 261 (N.D.N.Y. 2008) (McCurn, J.) ("As an initial matter, the court notes that to the extent Plaintiff purports to allege a negligence claim against the Defendants under 42 U.S.C. § 1983, such a claim is dismissed as negligence is not cognizable under [section] 1983."). Accordingly, I recommend that

plaintiffs' negligence claim be dismissed to the extent it is asserted against defendants under section 1983.

          ii.      Plaintiffs' Municipal Liability Claim Asserted Against Defendant City of Syracuse

While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior*. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Blond v. City of Schenectady*, No. 10-CV-0598, 2010 WL 4316810, at *3 (N.D.N.Y. Oct. 26, 2010) (McAvoy, J.); *Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 173 (D. Conn. 2003). For liability to attach against a municipality under section 1983, a plaintiff must establish that the alleged constitutional violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91; *Blond*, 201 WL 4316810, at *3; *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000).

In this case, plaintiffs' complaint alleges no facts plausibly alleging that their constitutional violations resulted from a policy or custom adopted by defendant City of Syracuse. *See generally* Dkt. No. 1 at 2. For this

reason, I recommend that plaintiffs' section 1983 claim asserted against defendant City of Syracuse be dismissed.

        iii.    <u>Plaintiff's Claims Asserted Against Defendant SPD</u>

Although "[a] police department is an administrative arm of [a] municipal corporation[,] . . . [it] cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (Hurd, M.J.) (citing *Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990)); *accord, Jenkins v. Liadka*, No. 10-CV-1223, 2012 WL 4052286, at *5 (N.D.N.Y. Sept. 13, 2012) (Suddaby, J.). Accordingly, because defendant SPD is not a proper defendant in this case, I recommend that it be dismissed from the action.

        iv.    <u>Plaintiffs' Section 1983 Claims Asserted Against Defendants Miner, Fowler, Mahar, and Vella in Their Official Capacities</u>

Plaintiffs have asserted a section 1983 claim against defendants Miner, Fowler, Mahar, and Vella as a result of the alleged unlawful arrest of plaintiffs by defendants Mahar and Vella, as well as their alleged use of excessive force. *See generally* Dkt. No. 1.

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be

paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of New York*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of New York App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing, *inter alia*, *Cory v. White*, 457 U.S. 85, 89-91, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[2] *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state

---

[2] By contrast, the Eleventh Amendment does not preclude lawsuits seeking to impose individual or personal liability on state officials under section 1983. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

officials in their official capacity therefore should be treated as suits against the State.").

In this case, it is not clear whether plaintiffs have asserted a section 1983 claim against defendants Miner, Fowler, Mahar, and Vella in their individual or official capacities. *See generally* Dkt. No. 1. To the extent that claim is asserted against those defendants in their official capacities, however, those claims are, in reality, claims against the State of New York, and therefore subject to dismissal because plaintiffs seek only monetary relief. Dkt. No. 1 at 3; *Daisernia*, 582 F. Supp. at 798-99. Accordingly, I recommend that plaintiffs' section 1983 claims asserted against defendants Miner, Fowler, Mahar, and Vella in their official capacities be dismissed.[4]

        v.      Personal Involvement of Defendants Miner and Fowler

To the extent defendants Miner and Fowler are sued in their individual capacities, those claims also fail at this juncture. "Personal involvement of defendants in alleged constitutional deprivations is a

---

[4] The Eleventh Amendment does not preclude claims seeking only declaratory or injunctive relief against municipal defendants in their official capacities. *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." (quotation marks omitted)). Plaintiffs' complaint in this case, however, does not seek such relief.

prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at \*3 (S.D.N.Y. Jan. 24, 1994).

It is well-established that individuals like defendant Miner and Fowler, who are sued in the supervisory capacity, cannot be liable for damages under section 1983 solely by virtue of being a supervisor, "and [liability] cannot rest on *respondeat superior*." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. To establish responsibility on the part of a supervisory official for a civil rights violation,

13

a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 554 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.

In this case, there are no allegations in plaintiffs' complaint that plausibly suggest the personal involvement of defendants Miner and Fowler in any of the alleged constitutional violations. *See generally* Dkt. No. 1. The complaint does not allege that those defendants (1) participated directly in the events giving rise to this action, (2) ever learned of the alleged violation and failed to remedy it, (3) created a policy or custom that resulted in the alleged constitutional violations, (4) acted grossly negligent when managing their subordinates, or (5) failed to act after learning that constitutional violations occurred. *Id.* For these

reasons, I recommend dismissal of plaintiffs' section 1983 claims asserted against defendants Miner and Fowler in their individual capacities.

### vi. Plaintiffs' Remaining Claims

The court has reviewed the remaining claims asserted against defendants Mahar and Vella in their individual capacities. Plaintiffs' complaint, which contains a fair number of detailed factual allegations, is sufficient to pass muster under the relatively modest test of section 1915(e). No determination is made by the court, however, as to the merits of those remaining claims, and specifically whether they may withstand a properly filed motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be

15

able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, it is possible that the deficiencies identified in this report with respect to plaintiffs' claims may be cured through the inclusion of greater factual detail. For this reason, with the exception of plaintiffs' (1) negligence claim against all defendants to the extent it is asserted pursuant to section 1983; (2) claims asserted against defendant SPD; and (3) damage claims against asserted against defendants Miner, Fowler, Mahar, and Vella in their official capacities (the deficiencies with which are substantive in nature and extend beyond the mere sufficiency of plaintiffs'

16

complaint), I recommend that plaintiffs be granted leave to amend.

In the event plaintiffs choose to file an amended complaint, they are advised that the law in this circuit provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *see also Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in their amended complaint, plaintiffs must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants that allegedly deprived him of his constitutional rights in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass*, 790 F.2d at 263. Finally, plaintiffs are informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See*

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).[5]

### III. SUMMARY AND RECOMMENDATION

Some of plaintiffs' section 1983 claims asserted against the named defendants fail to state a claim upon which relief may be granted due to deficient pleadings or because certain defendants are immune from suit. It is therefore hereby respectfully

RECOMMENDED that plaintiffs' claims asserted under section 1983 against defendant City of Syracuse, as well as defendants Stephanie Miner and Frank Fowler in their individual capacities, be dismissed with leave to replead; and it is further

RECOMMENDED that plaintiffs' claim asserted under section 1983 against defendant Syracuse Police Department, as well as defendants Stephanie Miner, Frank Fowler, A. Mahar, and M. Vella in their official capacities, be dismissed with prejudice; and it is further

---

[5] In the event plaintiffs fail to file an amended complaint, their original complaint should remain the operative pleading, and the action should proceed only with respect to (1) the section 1983 claims asserted against defendants Mahar, Vella, and John Doe in their individual capacities; and (2) their negligence claim arising under to New York State common law asserted against those same defendants.

RECOMMENDED that plaintiff's negligence claim, to the extent it is asserted pursuant to section 1983, be dismissed with prejudice; and it is further

RECOMMENDED that, in the event this report is adopted, and plaintiffs fail to file an amended complaint in the time frame set forth by the assigned district judge, their original complaint remain the operative pleading and the action proceed only as against defendants Mahar, Vella, and Doe in their individual capacities.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: May 6, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge