IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ALISHA DEXTER and LEMORRIS
M. DEXTER, II,

                Plaintiffs,

                         Civil Action No.
      v.                      5:14-CV-0363 (TJM/DEP)

OFFICER A. MAHAR, *et al.*,

                Defendants.

_____

APPEARANCES:

FOR PLAINTIFF:                     OF COUNSEL:

ALISHA DEXTER, *Pro Se*
LEMORRIS M. DEXTER II, *Pro Se*
P.O. Box 197
Syracuse, NY 13207

FOR DEFENDANTS:

HON. MARY ANN DOHERTY      ANN M. ALEXANDER, ESQ.
City of Syracuse Corporation Counsel  Assistant Corporation Counsel
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiffs Alisha Dexter and Lemorris M. Dexter, II, commenced this action on April 2, 2014, asserting claims against the City of Syracuse ("City") and various City employees, including the mayor, pursuant to 42 U.S.C. § 1983 and New York state common law. Plaintiffs' claims stem from an incident that allegedly occurred at their residence on January 4, 2014.

Although this case is in its formative procedural stages, plaintiffs have already demonstrated an unacceptable lack of cooperation with defendants' counsel in formulating a joint civil case management plan in accordance with this court's directives and Northern District of New York General Order No. 25, and have failed to appear in person as directed by the court on two occasions. Based upon that conduct, I recommend plaintiffs' complaint be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

I.    <u>BACKGROUND</u>

On April 2, 2014, plaintiffs initiated this action by the filing of a complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Plaintiffs' complaint named the City, City Mayor Stephanie Miner, the Syracuse City Police Department, Syracuse

Police Chief Frank Fowler, Syracuse Police Officers A. Mahar and M. Vella, and two unidentified "Doe" members of the Syracuse City Police Department as defendants. Dkt. No. 1. In their complaint, plaintiffs allege that, during the course of an incident occurring at their residence on January 4, 2014, their civil rights were violated by one or more of the defendants. *See generally id.* Following an initial review of plaintiffs' complaint, I issued a report, recommendation, and order on May 6, 2014, granting them leave to proceed IFP, and recommending dismissal of certain of their claims, including those against the City, Mayor Miner, the City Police Department, and Chief Fowler, with leave to replead. Dkt. No. 5. That recommendation was adopted by Senior District Judge Thomas J. McAvoy on June 11, 2014. Dkt. No. 6.

A General Order No. 25 packet was issued by the court on July 24, 2014, and sent to the plaintiffs by regular mail. Dkt. No. 7. General Order No. 25 and the attached documents directed the parties to confer and prepare a civil case management plan regarding the action. *Id.* The materials also notified plaintiffs that an in-person pretrial conference would be held in the case on October 9, 2014, at 10:00 a.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure. *Id.* The Rule 16 conference was later rescheduled to September 29, 2014, by a notice issued on August

27, 2014. Docket Entry Dated Aug. 27, 2014. A copy of that text notice was sent to plaintiffs by regular mail. *Id.* There is no indication in the court's records that plaintiffs did not receive those communications from the court.

On September 16, 2014, defendants' counsel, Ann Magnarelli Alexander, Esq., submitted to the court a proposed civil case management plan on behalf of the defendants. Dkt. No. 17. In a cover letter, Attorney Alexander advised that she mailed a copy of the proposed plan to plaintiffs on September 5, 2014, and that when she telephoned plaintiffs on September 16, 2014, to discuss the preparation of a joint civil case management plan, plaintiff Lemorris Dexter was uncooperative, and informed her that she did not have permission to call him to discuss the case. *Id.* Defendants' counsel subsequently submitted a letter, dated September 23, 2014, advising that the proposed civil case management plan sent to plaintiffs by regular mail was returned to her with a notation, "return to sender, other reason unable to forward," and that the envelope also contained the handwritten notation "deceased."[1] Dkt. No. 18.

---

[1]     Defendants' counsel also advised in her letter that a verified answer was sent to plaintiffs' by certified mail but was also returned as "unclaimed." Dkt. No. 18 at 1. The plaintiffs' refusal to accept defendants' answer is of no moment; service of the answer was complete upon mailing to plaintiffs' address listed in the court's records. Fed. R. Civ. P. 5(b)(2)(C); *Dudla v. P.M. Veglio, LLC,* No. 13-CV-0333, 2014 WL 799967, at *1 (N.D.N.Y. Feb. 28, 2014) (Kahn, J.).

On September 29, 2014, defendants' counsel appeared and was prepared to participate in the scheduled Rule 16 conference concerning the action. Text Minute Entry Dated Sept. 29, 2014. Neither the plaintiffs nor a representative on their behalf, however, attended the conference. *Id.*

As a result of their failure to appear, plaintiffs were directed, by order issued by me on October 3, 2014, to appear on October 16, 2014, and show cause why their complaint should not be dismissed based upon their failure to appear for the scheduled Rule 16 conference. Dkt. No. 20. Plaintiff Lemorris Dexter was subsequently advised, in person, of the requirement to appear on October 16, 2014, when he presented himself on October 14, 2014, to the clerk's office in Syracuse, New York. Text Entry Dated Oct. 14, 14. The text entry memorializing that encounter was separately sent by regular mail to each of the plaintiffs using the address listed in the court's records.[2] *Id.* The mailing of both text orders dated October 3, 2014 and October 14, 2014, were subsequently returned to the court as undeliverable. Dkt. Nos. 23, 24, 29, 30.

---

[2]    The court was advised on April 3, 2014, by plaintiff Lemorris Dexter, that, in the event the court needed to contact him, the court should use the following address: P.O. Box 197, Syracuse, NY 13207. Minute Entry Dated Apr. 3, 2014. The court has been notified by letter dated October 7, 2014, from defendants' counsel, that, according to her information, the post office box provided has been closed for personal mail and no forwarding address was left for plaintiffs' personal mail. Dkt. No. 21. According to Attorney Alexander, the box apparently remains open for receiving plaintiffs' business mail.

On October 15, 2014, plaintiffs filed a notice of voluntary dismissal of the action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Dkt. No. 25. Plaintiff's request, however, was rejected as ineffective in light of the fact that it was filed after an answer had been interposed on behalf of the defendants. Dkt. No. 26. In my text order rejecting that notice, in light of the potential confusion as to whether or not the case was effectively closed, defendants were notified that the scheduled show-cause hearing was adjourned from October 16, 2014, until 9:30 a.m. on November 5, 2014. *Id.* The October 15, 2014 text order was sent separately to each of the plaintiffs by regular mail. *Id.* Those mailings were similarly returned as undeliverable. Dkt. Nos. 27, 28.

On November 5, 2014, defendants' counsel appeared in court prepared to address the order to show cause and, if necessary, to participate in a pretrial conference regarding the action. There was no appearance, however, by or on behalf of the plaintiffs, nor has the court been contacted by the plaintiffs requesting that they be excused from the requirement of appearing.

## II.    DISCUSSION

Plaintiff's failure to participate meaningfully in this action and to comply with court orders implicates Rule 41(b) of the Federal Rules of Civil Procedure. The rule empowers a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion is properly exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-217 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders, (2) whether plaintiff was on notice that his failure to comply would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket

with plaintiff's interest in receiving a fair opportunity to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). I have carefully evaluated these five factors, and find that they weigh decidedly in favor of dismissal.

This case has been pending for over seven months and involves events that occurred ten months ago. It is likely that memories of the events in question are fading, relevant documents may have been discarded, and potential witnesses could have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Plaintiffs have been warned by the court of the consequences of their failure to appear as directed. *See* Dkt. No. 20 at 4-5. Given plaintiffs' manifest disinterest in pursuing their claims in this action, as evidenced by their failure to participate in proceedings associated with the litigation and their unsuccessful attempt to discontinue the action, albeit without

8

prejudice, I find that the risk of prejudice to the defendants and the need to alleviate congestion on the court's docket outweighs plaintiffs' right to receive a further opportunity to be heard in this matter.[3]

In deference to plaintiffs' *pro se* status, I have considered less drastic sanctions but rejected them. It is clear, in light of their manifest unwillingness to actively participate in the litigation of their claims and their affirmative conduct aimed at interfering with the ability of both the court and defendants' counsel to communicate with them, that the issuance of subsequent orders reprimanding them for their behavior and issuing less severe sanctions would be futile. In addition, in light of their IFP status, I do not find that the issuance of monetary sanctions against plaintiffs, including costs and attorney's fees, would constitute an effective remedy. In short, given the extent and duration of plaintiffs' uncooperative conduct, it appears that the ultimate sanction of dismissal is warranted.

III.    SUMMARY AND RECOMMENDATION

Through their actions, plaintiffs have demonstrated a repeated failure to cooperate with both defendants' counsel and the court so that this action can be fairly, efficiently, and timely adjudicated on its merits.

---

[3]    According to the clerk of the court, as of July 1, 2014, the Northern District of New York has 2,023 civil cases pending. In addition, according to the Administrative Office of the United States Courts, this district is a "congested" court that experiences an unusually high disposition time.

Based upon their failure to comply with the court's orders, in particular the order that they appear and show cause why this action should not be dismissed, I conclude that dismissal of plaintiffs' complaint is warranted. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiffs' complaint be *sua sponte* DISMISSED, with prejudice, based upon their failure to prosecute and to appear as required by court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:       November 12, 2014
                 Syracuse, New York

David E. Peebles
U.S. Magistrate Judge